HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
Email:  pharvey@harveysiskind.com
JANE A. LEVICH (SBN 293299)
Email:  jlevich@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, CA  94111
Telephone:  (415) 354-0100
Facsimile:  (415) 391-7124

GIBNEY, ANTHONY & FLAHERTY, LLP
MICHAEL LEE (*pro hac vice* pending)
Email:  mlee@gibney.com
MAJA SZUMARSKA (*pro hac vice* pending)
Email:  mszumarska@gibney.com
665 Fifth Avenue
New York, NY 10022
Telephone:  (212) 688-5151
Facsimile: (212) 688-8315

Attorneys for Plaintiff
Rolex Watch U.S.A., Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>QASIM MALIK a/k/a ERIC MALIK and "JOHN DOES 1-10",<br><br>        Defendants. | Case No. C 14-03589 EMC<br><br>**[PROPOSED] FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION** |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") filed a Complaint alleging trademark counterfeiting pursuant to 15 U.S.C. § 1114 and trademark infringement pursuant to 15 U.S.C. § 1114 against Qasim Malik a/k/a Eric Malik ("Defendant").

## I.   STIPULATED FACTS AND CONCLUSIONS

A.   This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendant, Qasim Malik a/k/a Eric Malik. Venue is proper in this Court.

B.   Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks as defined below. Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women (hereinafter referred to as "Rolex Watches"). Rolex is responsible for maintaining control over the quality of Rolex products and services in this country. Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches and the Rolex Registered Trademarks are distinctive marks used to identify these high quality products originating with Rolex.

C.   Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ♛ Crown Device | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |

| Trademark | Reg. No. | Reg. Date | Goods |
|-----------|----------|-----------|-------|
| **OYSTER** | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| **PRESIDENT** | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| **ROLEX DAYTONA** | 1,960,768 | 3/5/96 | Watches. |
| **SEA-DWELLER** | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| **SUBMARINER** | 1,782,604 | 7/20/93 | Watches. |
| **TURN-O-GRAPH** | 2,950,028 | 5/10/05 | Watches and parts thereof. |

D.     The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

E.     Based on Rolex's extensive advertising, sales and the wide popularity of Rolex products, the Rolex Registered Trademarks are now famous and have been famous since well prior to the activities of the Defendant. Rolex Registered Trademarks have acquired secondary meaning so that any product or advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product or affiliate of Rolex.

F.     Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches and related products.

G.     Rolex has gone to great lengths to protect its name and enforce the Rolex Registered Trademarks.

H.     Long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendant began selling, offering for sale, distributing, promoting and advertising in interstate commerce, through the Internet, watches bearing counterfeits and infringements of the Rolex Registered Trademarks as those marks

appear on Rolex's products and as shown in the Rolex Registered Trademarks attached to the Complaint as Exhibit 1.

I.     The spurious marks or designations used by Defendant in interstate commerce are identical with, or substantially indistinguishable from, the Rolex Registered Trademarks on goods covered by the Rolex Registered Trademarks.

J.     Defendant admits he intentionally and willfully sold, offered for sale, distributed, promoted and advertised merchandise bearing counterfeits of one or more of the Rolex Registered Trademarks.

K.     Defendant is not now, nor has he ever been associated, affiliated or connected with or endorsed or sanctioned by Rolex.

L.     Rolex has gone to great lengths to protect its name and enforce its trademarks.

M.     Rolex has no adequate remedy at law.

N.     Defendant agrees that the amount in controversy in this action is greater than $75,000.

O.     Defendant's acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

P.     Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

## II.     ORDER AND INJUNCTION

It is hereby ORDERED and adjudged that:

1.     Defendant, his agents, servants, employees, attorneys and all persons acting in concert and participation with him, and his successors and assigns, jointly and severally be and hereby are, permanently restrained and enjoined from:

(a)     using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b)     engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c)     using a false description or representation including words or other symbols tending to falsely describe or represent his unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d)     further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g)     engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h)     using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (including but not limited to any postings on the website www.craigslist.org, in the text of a website, as a domain name, or as a keyword, search word,

-4-

metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i)     hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any website or other enterprise that offers for sale any products bearing the Rolex Registered Trademarks;

(j)     acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex;

(k)     using any e-mail addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks; and

(l)     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (l).

2.     In the event that Defendant is ever found by a court of competent jurisdiction, after notice and opportunity to be heard, to be in violation of this Final Judgment the parties agree that (a) Rolex will be entitled to all normal relief which it may request from the court; and (b) Rolex will be entitled to recover any and all future and additional damages, fees and costs incurred by Rolex due to Defendant's violation of this Final Judgment, and judgment shall be entered against Defendant in that full amount.

3.     The Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof.

4.     Any act by Defendant in violation of the terms or conditions of this Final Judgment may be considered and prosecuted as contempt of this Court

5.     This Final Judgment shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

1    The Court expressly determines that there is no just reason for delay in entering this judgment,

2   and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment

3   against Defendant.

4    This Final Judgment shall be deemed to have been served upon Defendant at the time of its

5   execution by the Court.

6

7   **IT IS SO ORDERED AND ADJUDGED:**

8

9   DATED: ____11/6____, 2014



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[PROPOSED] FINAL JUDGMENT UPON CONSENT
AND PERMANENT INJUNCTION                                           CASE NO. C 14-03589 EMC